**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MATTHEW SCOTT SIMPSON,

Defendant-Appellant.

No. 10-4146
(D.C. No. 2:08-CR-00733-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Matthew Scott Simpson was charged with one count of possession with

intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He

entered a guilty plea pursuant to a plea agreement and he was sentenced to ninety

months' imprisonment. His attorney has filed a brief and a motion to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

non-frivolous issues to be raised on appeal because of the appeal waiver in Mr. Simpson's plea agreement.

Mr. Simpson filed a pro se response to the *Anders* brief. The government did not file a response. Instead, the government submitted a letter noting that the appeal is barred by a valid appeal waiver and the only issue Mr. Simpson seeks to raise relates to ineffective assistance of counsel, which should be brought in a collateral proceeding, not on direct appeal.

Under *Anders*, we conduct an independent review to determine whether Mr. Simpson's claims are frivolous. 386 U.S. at 744. Mr. Simpson did enter into a plea agreement and he did waive his right to appeal his sentence. Counsel's *Anders* brief focuses on Mr. Simpson's appellate waiver as it relates to any challenges to his sentence. To the extent that Mr. Simpson wants to challenge his sentence, we agree with counsel that there are no non-frivolous issues for appeal because of the appellate waiver contained in the plea agreement.

But it is not clear that Mr. Simpson wants to challenge his sentence. As the government acknowledged in its letter, and consistent with Mr. Simpson's docketing statement, the only issue Mr. Simpson seeks to raise on appeal is for ineffective assistance of counsel. Based on Mr. Simpson's pro se response, it appears as though he wants to raise an ineffective assistance of counsel claim arising out of the negotiation of his plea agreement and the entry of his guilty plea.

The appeal waiver in Mr. Simpson's plea agreement does not bar him from bringing a claim for ineffective assistance of counsel in the negotiation of his plea agreement or the entry of his guilty plea. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). This does not mean, however, that Mr. Simpson's appeal may proceed. We generally do not consider claims of ineffective assistance of counsel on direct appeal; instead, they must be brought in a collateral proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we DISMISS the appeal and we GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge